UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DUSTIN R. SATTERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:07-CV-0148 TLS |
| | ) | |
| DARRYL HIMELICK, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

When Dustin Satterly filed this action, he was a prisoner confined at the Grant County Jail. The court granted him leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Mr. Satterly has not yet paid the initial partial filing fee of $16.89 in this case.

Mr. Satterly has advised the court that he has been released from custody, and is no longer confined in any jail or penal facility. Because he has been released from custody, there is no institutional account from which the initial partial filing fee can be paid. For purposes of the Prison Litigation Reform Act, the court must determine the plaintiff's status on the date the suit or appeal is "brought." *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). Mr. Satterly was a prisoner when he submitted his complaint and request to proceed *in forma pauperis.* Where a prisoner has been released from custody before the court has made an *in forma pauperis* determination, the prisoner must pay any initial partial filing fee he would have been liable for under the analysis of § 1915(b)(1). *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). In *Robbins*, the court required "prepayment of

the sum that should have been remitted before release"). *Id.* at 898. Failure to pay the initial partial filing fee, and any installment payments the prisoner should have made before his release will result in the dismissal of this case for failure to prosecute.

Section 1915(b)(2) contemplates that a prisoner make installment payments toward the filing fee from his trust account, but a prisoner's release from incarceration means that there is no longer a prison trust account from which to withdraw payments. When a prisoner is released from custody, the court must reconsider his pauper status and determine his ability to continue to make payments toward the filing fee. *Robbins v. Switzer*, 104 F3d at 898.

For the foregoing reasons, the court AFFORDS the plaintiff to and including October 4, 2007, within which to pay the initial partial filing fee of $16.89, and within which to pay the remainder of the $350.00 filing fee or advise the court of his current financial situation, and DIRECTS the clerk to forward him a copy of the court's *in forma pauperis* petition for non-prisoners along with this order. Failure to respond to this order may result in this case being dismissed without prejudice and without further notice.

**SO ORDERED**

Dated: September 7, 2007

S/ROGER B. COSBEY
Magistrate Judge
United States District Court
Northern District of Indiana
Fort Wayne Division
