UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DUSTIN R. SATTERLY, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | Cause No. 1:07-CV-0148 PS |
|  ) | |
| DARRYL HIMELICK, *et al.*, ) | |
|  ) | |
| Defendants. ) | |

## OPINION AND ORDER

Dustin Satterly filed a complaint pursuant to 42 U.S.C. § 1983 when he was a prisoner confined at the Grant County Jail as a pretrial detainee. He has since been released from custody. Satterly seeks monetary relief from the defendants, naming them in both their individual and official capacities. The defendants include Darryl Himelick - Grant County Sheriff; Oatess Archey - Former Grant County Sheriff; Kevin Pauley - Grant County Captain; Cathy Lee - Grant County Lieutenant; Rodney Faulk - Deputy Prosecutor; Carolyn Mowery - Clerk of Courts; and the Grant County Commissioners.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss for failure to state a claim made pursuant to FED. R. CIV. P. 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*,

127 S.Ct. 1955, 1964-65 (2007).  Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200.   In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Satterly brings this action under 42 U.S.C. § 1983, which provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."  To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 49 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Id.* at 535 n. 16. But "[t]he protections for pre-trial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner and we frequently consider the standards to be analogous." *Washington v. LaPorte County Sheriff's Dept.*, 306 F.3d 515, 517 (7th Cir. 2002)(citations and quotations omitted). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

With these rules and standards in mind, the Court will address the various claims raised by Satterly's complaint.

**A.     Overcrowded Prison**

In ¶¶ 7 and 8 of his complaint, Satterly alleges that the county jail was over its rated capacity while he was housed there and that the jail held three inmates in a cell designed for two, requiring him to sleep on a "stack-a-bunk" rather than on a bunk fixed to the wall. In ¶ 9 he alleges that the jail is understaffed. In ¶ 16 of his complaint, Satterly states that conditions at the jail "result in the denial of basic human needs and the minimal civilized measures of life's necessities," and in ¶¶ 7, 17 and 18 he alleges that the Defendants Archey, Himelick, Pauley, Lee, and the Grant County Commissioners failed to correct deficiencies of which they were aware, and acted in a deliberate and purposeful manner.

Satterly's overcrowding claim fails because he has failed to allege that he suffered actual harm from the prison's overcrowded conditions.  Prison overcrowding is not a *per se* constitutional violation.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  The plaintiff must establish not only that the prison was overcrowded, but that the overcrowding led to intolerable conditions such as the deprivation of essential food, medical care, sanitation, or to an increase in violence.  *Id.*  Satterly seeks only damages in his 1983 complaint, perhaps aware that injunctive relief was not available to him because he is no longer detained in the prison.  *See Stewart v. McGinnis*, 5 F.3d 1031, 1038 (7th Cir. 1993).   Psychological harm, such as the fear of injury from overcrowding, cannot give rise to compensatory damages in a conditions-of-confinement claim.  *See Malone v. Becher*, 2003 WL 22080737, at *10-11 (S.D. Ind. Aug. 29, 2003) (holding that complaint alleging only a fear or risk of serious injury that never actually occurred does not meet the objective criteria for an Eighth Amendment prison overcrowding claim); *see also*, *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (holding that prisoner who was not assaulted by fellow inmates could not seek damages in failure to protect claim);  *Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996) (same).

In a supplemental filing made after submitting his complaint, Satterly alleges that in July of 2005, "due to the overcrowding, I was jumped by 4 black males and hurt seriously."  He claims that he sustained injuries stemming from both the attack and a failure by the prison to provide adequate medical care.  These new allegations do not save Satterly's claim, however, because they are time-barred. § 1983 does not provide an independent statute of limitations.  As a consequence, the courts determine whether a complaint is timely by applying the statute of limitations for the state where the incident forming the basis of the claim took place.  *See King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000).  In Indiana,

4

personal injury actions carry a two-year statute of limitations.  Ind. Code § 34-11-2-4; *see Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996).  Satterly claims the attack took place in July of 2005.  His supplement was filed on August 8, 2007 - beyond the two years allowed to raise his claim.

Nor may Satterly argue that the new allegations "relate back" to his original complaint.  Under Fed. R Civ. P. 15(c)(2), an amended complaint relates back to the date of the original pleading when "the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Changes in legal conclusions or theories of recovery are considered to relate back to the original complaint, but the underlying factual situation upon which the action depends must remain the same for the amendment to relate back.  *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (citing 6A Charles Alan Wright, Arthur R. miller and Mary Kay Kane, *Federal Practice and Procedure Civil 2d*, § 1497 at 95 (1990)).  Here, the violent attack alleged by Satterly is a wholly new and discrete occurrence than what was alleged in his original complaint.  In fact, the attack did not even occur during the period of confinement for which Satterly's complaint addresses.  The complaint states that Satterly suffered from overcrowded conditions at the Grant County prison during his time of detainment beginning on June 10, 2006.  The attack, on the other hand, took place in July of 2005.  Accordingly, Satterly's supplemental claims of overcrowding and delay in medical care relating to his 2005 attack are barred by the statute of limitations, and his original overcrowding claim is dismissed for failing to allege actual harm.

**B.     Lack Of Exercise**

In ¶ 8, Satterly also asserts that prison officials only permitted him one hour of exercise a week.  The Constitution requires that "some opportunity for exercise must be afforded to

prisoners." *Anderson v. Coughlin*, 757 F.2d 33, 34 (2d Cir. 1985). "Where movement is denied and muscles are allowed to atrophy, the health of the individual is threatened, and the state's constitutional obligation is compromised." *Stewart v. McGinnis*, 800 F.Supp. 604, 615 (N.D. Ill. 1992) *aff'd.*, 5 F.3d 1031 (7th Cir. 1993); *cert. denied*, 510 U.S. 1121 (1994). The Seventh Circuit has held that short-term denials of exercise may be inevitable in the prison context and do not amount to constitutional deprivation. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (citing *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (70 day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28 day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir. 1986) (limited recreational activities sufficient where average prison stay was 10 days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour a day of indoor exercise for next 6 months).

Satterly concedes that he received one hour of formal recreation a week and does not assert that his muscles atrophied or that he suffered any other actual harm to his health from the crowded condition of the jail. Accordingly, he states no Eighth Amendment claim upon which relief can be granted.

**C.      Sanitary Conditions**

Rhetorical paragraphs 10, 11, 12, and 13 deal with sanitation at the jail. In ¶ 10, Satterly alleges "that the bars hold dirt, hair, and other nasty material that hasn't been cleaned . . . in a long time;" in ¶ 11, he alleges that jail officials forced him to wash his cup and untensils manually with no soap; in ¶ 12, he states that the showers are cleaned only once a week and contain bugs and mold; and in ¶ 13, he asserts that laundry bags are only provided "twice a week to wash our laundry."

The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298, (quoting *Rhodes,* 452 U.S. at  347).

The conditions described by Satterly are not so deplorable so as to deprive him of the minimal civilized measure of life's necessities and therefore do not meet the objective requirement of an Eighth Amendment claim.  *Compare Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (holding that prisoner satisfied the objective and subjective components of a conditions of confinement claim where convict was knowingly held in a cell with leaking and inadequate plumbing, roaches, rodents, broken windows, and drinking water containing small black worms), *with Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (finding that prisoner failed to make out a conditions of confinement claim where prisoner suffered only "considerable unpleasantness" due to cell's roast-infestation, lack of toilet paper for five days, and lack of soap, toothbrush and toothpaste for ten days).  Satterly alleges no actual harm from the sanitary conditions of which he complains and has not alleged any other facts to allow the Court to infer that the prison has provided less than the required "minima of shelter, sanitation and utilities-basic necessities of civilized life." *Johnson v. Pelker*, 891 F.2d 136, 137 (7th Cir. 1989).

**D.     Library Access**

In ¶ 14 of his complaint, Satterly alleges that defendant Cathy Lee limited inmates' access to the law library to two days a week for each floor. There is, however, no "abstract, freestanding right to a law library . . . [and] . . . an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some

7

theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith,* 430 U.S. 817, 828 (1977)("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.") However, an inmate must also demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).  Satterly was able to draft and file this complaint while he was confined at the jail. The facts presented in the complaint do not support an inference that jail policy violated Satterley's federally protected rights because he does not allege that he has suffered any actual harm.

**E.      Grievance Procedure**

In ¶ 15 of his complaint, Satterly alleges that the jail's grievance procedure is "invalid and faulty" because he submitted grievances which were not answered.  The Constitution does not require that a prison or jail provide a grievance procedure.  *Jones v. Brown*, 300 F.Supp.2d 674, 679 (N.D. Ind. 2003). Alleged violations of jail grievance procedures state no claim under § 1983, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).  In

8

addition, a jail official does not violate the Fourteenth Amendment by ignoring or denying a prisoner's grievance. *Wilson v. VanNatta*, 291 F.Supp.2d 811, 819 (N.D. Ind. 2003). Accordingly, that Grant County Jail officials may not have provided inmates with an adequate grievance procedure states no claim upon which relief can be granted, though if jail officials do not provide an adequate grievance procedure, they may not rely on 42 U.S.C. § 1997e(a), —which requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement —to obtain the dismissal of this complaint. *Wilson v. VanNatta*, 291 F.Supp.2d 811 at 820.

**F.     Excess Bond**

In ¶ 19 of his complaint, Satterly alleges that "Rodney Faulk, Carolyn Mowery, Oatess Archey and Darryl Himelick have had my bond in excess of $20,000 from 6/11/06 to 5/21/07 . . . which violates Article 1 Section 16 of the Indiana Constitution." In ¶ 20, he alleges that the same defendants "have had me in jail on a probation violation from 6/19/06 to 5/21/07 with no bond which also violates Article 1 Section 17 of the Indiana Constitution."

Satterly's claim that the defendants violated provisions of the Indiana constitution states no claim upon which relief can be granted under § 1983. *Baker v. McCollan*, 443 U.S. 137, 146 (1979)(noting that § 1983 imposes liability for violation of rights protected by the federal Constitution, not for rights provided by state law). Moreover, even if he had alleged that denial of bail or setting a high bail violated the United States Constitution, he would state no claim upon which relief can be granted because the defendants he has named are not responsible for setting bail, and the judges responsible for setting bail are immune from damages. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judges are not liable in civil actions for their judicial

9

acts unless they have acted in the clear absence of all jurisdiction).  In rhetorical ¶ 21 of his complaint, Satterly asserts that the courts having jurisdiction over his criminal cases refused to recognize any *pro se* motions he sent them. As noted above, these decisions were made by a judge, not by any of the defendants he has named in his complaint, and state trial court judges are immune from damage claims. *Stump v. Sparkman*, 435 U.S. at 349, 356-57. A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.*  435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied* , 494 U.S. 1085 (1990).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court **DISMISSES** this complaint and **DIRECTS** the clerk to close this case.

**SO ORDERED**.

ENTERED: December 10, 2007

 /s   Philip P. Simon   
Philip P. Simon, Judge
United States District Court